LOUIS A. LEONE, ESQ. (SBN: 099874)
KATHLEEN DARMAGNAC, ESQ. (SBN #150843)
**STUBBS & LEONE**
A Professional Corporation
2175 N. California Blvd., Suite 900
Walnut Creek, CA 94596
Telephone: (925) 974-8600
Facsimile: (925) 974-8601

Attorneys for Defendants CHABOT LAS-POSITAS COMMUNITY COLLEGE DISTRICT; KATHERYN LINZMEYER; MELINDA MATSUDA; DR. ROBERT CARLSON; LORENZO LEGASPI; ANITA MORRIS; SHARON TRETHAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. FERREIRA,<br><br>     Plaintiff,<br><br>vs.<br><br>CHABOT COLLEGE; CHABOT-LAS POSITAS COMMUNITY COLLEGE DISTRICT; KATHERYN LINZMEYER; MELINDA MATSUDA; DR. ROBERT CARLSON; LORENZO LEGASPI; ANITA MORRIS; SHARON TRETHAN AND DOES 1-25,<br><br>     Defendants. | No. CV08-2264 CW<br><br>**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT** |

Defendants Chabot Las-Positas Community College District, Kathryn Linzmeyer, Melinda Matsuda, Dr. Robert Carlson, Lorenzo Legaspi, Anita Morris, and Sharon Trethan ("Defendants") submit the following Case Management Statement pursuant to Northern District of California Local Rule 16-9. Plaintiff Richard Ferreira ("Plaintiff") is acting *in propria persona* in this action. Despite that fact, Defendants have made numerous attempts over the past several weeks, both by telephone and in writing, to contact Plaintiff directly to meet and confer as mandated by the Court's May 1, 2008 Order Setting Initial Case Management Conference and ADR Deadlines, and to confer in order to submit a Joint Case Management

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT
-1-

Statement, but Plaintiff did not respond to any of Defendants' correspondence or telephonic messages. Accordingly, Defendants submit this Case Management Statement separately as the rules permit. (Local Civil Rule 16-9(a)).

**1.  JURISDICTION AND SERVICE**

This Court has jurisdiction of this action on federal question grounds due to the fact that Plaintiff's Complaint expressly alleges three independent and separate claims arising solely under federal law in his Sixth Cause of Action, his Seventh Cause of Action, and his Eighth Cause of Action. Plaintiff alleges violations of 42 USC §1983, 42 USC §1985(3), the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the U.S. Constitution, and Title IX, Education Amendments of 1972, 20 U.S.C. §§1681, et seq.

**2.  FACTS**

Plaintiff worked at Chabot College (the "College") in a temporary capacity from approximately April 1999 through July 2000, at which time he was hired by the College as a Student Services Specialist II, working in the College's Financial Aid Office. Concerns regarding Plaintiff's job performance at the College arose within the first year of his employment, and were expressed to Plaintiff in detail both in writing and verbally by Plaintiff's superiors. From 2002 through 2005, numerous concerns regarding Plaintiff's conduct and performance at work were observed by Plaintiff's supervisors and expressed to Plaintiff verbally and in writing. In September 2005, Plaintiff was placed on paid administrative leave due to his poor job performance. In October 2005, a Notice of Intent to Terminate Plaintiff's employment at the College was issued. Following a *Skelly* hearing, Plaintiff's employment with the College was terminated. Plaintiff filed this lawsuit in Alameda County Superior Court in July of 2007, but did not serve his Complaint on any Defendant until April 2008. As noted above, due to the fact that several of Plaintiff's claims arise under federal law, Defendants petitioned to have this action removed to this Court.

As also noted above, Plaintiff has failed to respond to Defendants' efforts to meet and confer, and as this case is in the early stages of litigation, discovery has not yet been conducted. At this point, however, the principal factual disputes that Defendants anticipate

are as follows:

**Factual Disputes:**

Whether Plaintiff performed his job duties as required at Chabot College.

Whether Plaintiff was discharged for failing to adequately perform his job.

Whether Plaintiff suffered any illegal harassment while employed at Chabot College.

Whether Plaintiff complained about sexual harassment during his employment.

Whether Plaintiff has a disability under applicable laws.

Whether Plaintiff requested "reasonable" accommodations for his alleged disability.

Whether Plaintiff treated his co-workers inappropriately.

Whether Plaintiff was discharged or disciplined for an improper motive.

Whether Plaintiff filed any complaints with the California Department of Fair Employment and Housing or the Equal Employment Opportunity Commission against any of the Defendants.

Whether Defendants took steps to prevent alleged discrimination.

Whether Defendants improperly denied Plaintiff's request(s) for transfer(s).

Whether Defendants required Plaintiff to disclose his alleged disability.

Whether Defendants prevented Plaintiff from obtaining and presenting appropriate evidence at any time, including in connection with Plaintiff's *Skelly* hearing.

Whether Defendants unreasonably delayed Plaintiff's *Skelly* hearing.

Whether the conduct alleged by Defendants was part of a continuous course of conduct.

3. **LEGAL ISSUES**

Plaintiff's unverified complaint asserts causes of action against Defendants for "Sexual Orientation Discrimination, Harassment & Retaliation", "Failure to Provide Reasonable Accommodations for Disabilities", "Disability Discrimination, Harassment & Retaliation", "Sex Discrimination, Harassment, Retaliation", "Wrongful Termination-Due Process and Equal Protection", "Civil Rights Claim under 42 USC § 1983", "Civil Rights Claim under 42 Usc (sic) § 1985(3)" and "Violation of Title IX (20 USC 1681 et seq.)".

Defendants deny all of the allegations in Plaintiff's complaint, including that they discriminated against Plaintiff on the basis of his gender, sexual orientation or his mental disability.  Defendants deny that Plaintiff was sexually harassed in the course of his employment, and/or that Defendants failed to take any necessary steps to prevent that alleged harassment from occurring.  Defendants further deny that they violated Plaintiff's civil rights, and/or that they violated any state or federal statute, including CA Govt. Code §§ 12940 et seq, the California Constitution, 42 USC § 1983, 42 USC § 1985, the 1st, 4th, 5th, 9th, 13th or 14th Amendments to the U.S. Constitution, or Title IX of the Education Amendments of 1972.  Defendants also deny that they wrongfully terminated Plaintiff, and that Plaintiff's termination was for any improper reason.  Instead, Defendants maintain that Plaintiff was terminated for legitimate, nondiscriminatory business reasons and because of Plaintiff's markedly poor job performance and conduct.  Defendants further maintain that Plaintiff's action should be barred because Plaintiff failed to exhaust his administrative and/or judicial remedies, and failed to comply with the claim provisions of the California Government Code with respect to the timely presentation of a governmental claim.

At this point, the principal disputed points of law that Defendants anticipate are as follows:

**Disputed Points of Law:**

Whether Defendants discriminated against Plaintiff on any basis.

Whether Defendants retaliated against Plaintiff for any reason.

Whether Defendants violated the California or United States Constitutions or Amendments thereto in their treatment of Plaintiff.

Whether Defendants' treatment of Plaintiff violated any statute, including without limitation, CA Govt. Code § 12940 et seq., 42 USC § 1983, 42 USC § 1985, or Title IX of the Education Amendments of 1972.

Whether Defendants violated any of Plaintiff's civil rights.

Whether Defendants reasons for terminating Plaintiff were a pretext for discrimination.

Whether Plaintiff was damaged by any conduct of Defendants.

Whether any alleged conduct of Defendants was severe and pervasive.

Whether the alleged discrimination, harassment and/or retaliation constituted a continuing violation.

Whether Plaintiff is entitled to exemplary and punitive damages against Defendants.

Whether plaintiff received all procedural and/or substantive due process rights during his *Skelly* hearing and any appeals therefrom.

Whether Plaintiff exhausted his administrative and judicial remedies prior to bringing this action.

Whether this action is barred by the doctrines of res judicata and/or collateral estoppel.

Whether Plaintiff's claims against Defendants are barred due to Plaintiff's failure to comply with claim filing provisions of the California Government Code.

Whether Defendants are immune from the allegations and causes of action contained within Plaintiff's Complaint.

### 4.   MOTIONS

There are no motions currently pending in this action.  Defendants anticipate filing dispositive motions in this matter, including motions for judgment on the pleadings, summary judgment and/or summary adjudication.

### 5.   AMENDMENT OF PLEADINGS

At this time, Defendants do not anticipate amending their pleadings or adding additional parties.   Plaintiff's Complaint was filed in Alameda County Superior Court in July 2007, served on Defendant Chabot-Las Positas Community College District in or around April 2008, and removed to this Court in May 2008.  In light of the foregoing, it is Defendants' position that Plaintiff has already been accorded sufficient time to amend his Complaint.

### 6.   EVIDENCE PRESERVATION

Defendants have taken all reasonable steps to comply with FRCP 26, and Defendant Chabot-Las Positas Community College District is taking steps to notify all named defendants of Plaintiff's lawsuit and to locate and identify all potential witnesses.  Defendants, and each of them, have gathered all relevant evidence and continue to preserve all documents in their

possession regarding Richard Ferreira and his Chabot College employment and the termination of that employment.

### 7. DISCLOSURES

As set forth above, because Plaintiff is acting *in propria persona* in this action, Defendants have made several direct attempts to reach Plaintiff by telephone and in writing (by registered mail) to meet and confer regarding initial disclosures, early settlement, ADR process selection and a discovery plan as mandated by the Court's May 1, 2008 Order Setting Initial Case Management Conference and ADR Deadlines. Plaintiff has completely failed to respond to any of Defendants' attempts to meet and confer, and has not responded to any of Defendants' correspondence.

Regardless of whether Plaintiff responds to Defendants' correspondence, Defendants will serve Plaintiff with their Initial Disclosure on or before August 4, 2008, which will set forth (1) a list of those witnesses currently known to Defendants that Defendants believe may have discoverable information to support their defenses, and (2) a description by category of those documents that Defendants have in their possession, custody or control and may use to support their defenses.

### 8. DISCOVERY

A discovery plan has not yet been set by the Court in this matter. Furthermore, as noted above, Defendants have not been able to meet and confer with Plaintiff as required by FRCP 26(f) due to the fact that Plaintiff has failed to respond to Defendants' efforts to reach him regarding such requirement.

In light of the foregoing, Defendants unilaterally present their views and proposals on the following issues as required by FRCP 26(f):

    **a.**     **Changes in Initial Disclosure Requirements**

Defendants do not propose any change to the initial disclosure requirements set forth in FRCP 26(a).

//

//

### b. Subjects on Which Discovery May Be Needed

Defendants anticipate that discovery may be needed on subjects including, but not limited to:

- the basis of Plaintiff's claims of gender, sexual orientation and disability discrimination and any relevant documentation and/or witnesses;
- the basis of Plaintiff's claims of retaliation for complaints regarding gender, sexual orientation and disability discrimination and/or harassment and any relevant documentation and/or witnesses;
- the basis of Plaintiff's complaints of sexual harassment, alleged witnesses and documentation pertaining to alleged harassment;
- the alleged complaints and/or grievances made by Plaintiff to Defendants;
- the claims allegedly filed by Plaintiff with the Department of Fair Employment and Housing;
- Plaintiff's alleged disability, requests for accommodation, and fitness for duty;
- Plaintiff's job performance and conduct at Chabot College; and
- the criticism, performance evaluations and improvement plans and other discipline received by Plaintiff.

Defendants propose that discovery be completed by **June 15, 2009**.

Defendants do not propose that discovery be completed in phases or limited to or focused on particular issues.

### c. Issues Regarding Discovery of Electronically Stored Information

At this time, Defendants do not anticipate any issues pertaining to electronically stored information.

### d. Issues Regarding Claims of Privilege or Trial-Preparation Materials

Defendants propose that any materials protected under the doctrines of attorney-client privilege or attorney work product be identified by the party responding to the discovery request in a privilege log.

//

### e. Changes to Discovery Rules

Defendants do not otherwise propose any change to the discovery rules set forth within the Federal Rules of Civil Procedure and the Local Rules of this Court.

### f. Other Orders

At this time, Defendants do not propose that the Court issue orders pursuant to FRCP 26(c) or FRCP 16(b).

## 9. CLASS ACTIONS

This matter is not a class action.

## 10. RELATED CASES

To Defendants' knowledge, there are no related cases pending before this Court or before another judge of this Court or any other court or administrative body.

## 11. RELIEF

Defendants propose that in the event that any liability on Defendants' part is found in this action, damages may be calculated as follows: Defendants assume that if Plaintiff could prove liability, damages, if any, will be based on actual wage loss subject to reduction for plaintiff's failure to mitigate. As discovery is continuing and Defendants have not received any information from Plaintiff, all such discussions are premature at this time.

## 12. SETTLEMENT AND ADR

The parties have not engaged in any settlement or ADR efforts to this date. Furthermore, due to the fact that Plaintiff has failed to respond to Defendants' correspondence, the parties have not been able to meet and confer to attempt to agree on an ADR process. Despite that fact, Defendants have filed a Notice of Need for ADR Telephone Conference.

Defendants anticipate that they will need to conduct discovery, including without limitation the deposition of Plaintiff and other key witnesses, and have Plaintiff undergo a mental examination, prior to negotiating a resolution of this matter by any alternative means.

//
//

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendants will **not** consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. OTHER REFERENCES

Defendants do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF ISSUES

Due to the fact that this case is in the early stages of litigation, at this time, Defendants do not have suggestions as to issues that can be narrowed by agreement or by motion, or as to how to expedite the presentation of evidence at trial. At this time, Defendants do not request the bifurcation of any issues, claims or defenses.

### 16. EXPEDITED SCHEDULE

Defendants do not believe that this is the type of case that can be handled on an expedited basis.

### 17. SCHEDULING

Defendants propose the following dates:

| | |
|---|---|
| Deadline for designation of experts: | May 15, 2009 |
| Discovery cutoff: | June 15, 2009 |
| Deadline for hearing of dispositive motions: | June 15, 2009 |
| **Trial:** | **July 15, 2009** |

### 18. TRIAL

Defendants request a jury trial of this matter, and estimate that trial will take approximately 10 court days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Due to the fact that Defendants are governmental entities or current or former employees of a governmental entity served in their capacity as employees of such entity, they are exempt from the disclosure requirements set forth in Civil Local Rule 3-16. (See Civil Local Rule 3-16(a).)

**20. OTHER MATTERS**

At this point, Defendants are not aware of any matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: August 4, 2008         **STUBBS & LEONE**

By: _____
KATHLEEN DARMAGNAC, ESQ.
Attorney for Defendants CHABOT LAS-POSITAS COMMUNITY COLLEGE DISTRICT; KATHERYN LINZMEYER; MELINDA MATSUDA; DR. ROBERT CARLSON; LORENZO LEGASPI; ANITA MORRIS; SHARON TRETHAN

Re: **Ferreira v. Chabot-Las Positas Community College District, et al.**
Alameda County Superior Court Case No.: HG 07334984
U.S. District Court, Northern District of California Case No.: CV08-02264 CW

## PROOF OF SERVICE

I, the undersigned, declare that I am employed in the City of Walnut Creek, State of California. I am over the age of 18 years and not a party to the within cause; my business address is 2175 N. California Blvd., Suite 900, Walnut Creek, California. On August 4, 2008, I served the following documents:

**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**

on the following interested party(s) in said cause:

Richard A. Ferreira, In Pro Per
18349 Robscott Avenue
Hayward, CA 94541

**VIA MAIL - CCP §§ 1013(a), 2015.5**

[X]  By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Walnut Creek, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

[ ]  By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Walnut Creek, California.

**VIA OVERNIGHT MAIL/COURIER VIA FEDEX- CCP §§ 1031(c), 2015.5**

[ ]  By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service, or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence/documents for overnight mail via FedEx or overnight courier service, and that it is to be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**VIA FACSIMILE - CCP §§ 1013(e), CRC 2008**

[ ]  By arranging for facsimile transmission from facsimile number 925-974-8601 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with

PROOF OF SERVICE

1

my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted via facsimile to the designated numbers in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error.

**VIA HAND-DELIVERY - CCP §§ 1011, 2015.5**

[ ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day by D&T Services in the ordinary course of my firm's business practice.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 4, 2008, at Walnut Creek, California.

*/s/ Kimberly N. Sutton*
KIMBERLY N. SUTTON

PROOF OF SERVICE

2